## WILLIAM McGREGOR

*v.*

## A. FILER.

ERROR—*in admission of evidence.* Even though the court below erred in admitting parol evidence of the contents of a receipt in the nature of a contract, when the proper foundation was not first laid, yet, where the only witnesses testifying to such receipt were the plaintiff and the defendant, and in their evidence they agree in every respect, the judgment will not be reversed.

APPEAL from the Circuit Court of Cook county ; the Hon. HENRY BOOTH, Judge, presiding.

The facts of this case, so far as material, are stated in the opinion of the court :

Mr. S. M. DAVIS, for the appellant.

Mr. L. C. COOPER, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court :

On the fifth day of March, 1873, Filer obtained a judgment in the circuit court of Cook county, against McGregor, for $192.45. The defendant brings the cause to this court by appeal, and seeks to reverse the judgment on two grounds :

*First*—The court erred in admitting parol evidence of the contents of a receipt, no sufficient foundation having been laid.

*Second*—The verdict is against the weight of the evidence.

In regard to the first question raised, even if it was true the court erred in admitting parol evidence of the contents of the receipt, which receipt was in the nature of a contract, the defendant was not in any manner prejudiced or injured by the ruling of the court, for the reason that both plaintiff and defendant, in their evidence, agree in every respect as to the contents of the receipt.

As to the second point made, we are not prepared to say the verdict of the jury is against the weight of the evidence.

No witnesses testified in the case except the plaintiff and defendant. They substantially agree in their testimony upon all points, except one.

The facts, as disclosed by the record, are these: In the year 1869 a son of the plaintiff was engaged in business, as a partner, with a firm in Iowa. The firm became involved, and mortgaged the firm property to McGregor, the defendant. The plaintiff was informed by his son that the firm would not be able to meet the payments to defendant when due. On receiving this information. and before the debt was due, the plaintiff went to the defendant and paid him $149, which was the son's share of the debt. Thus far the parties agree.

The plaintiff testifies that when he paid the $149, the defendant agreed that in the event that the other members of the firm failed to pay defendant their share of the debt, and the defendant had to foreclose his mortgage and sell the mortgaged property, then the defendant was to refund to him this $149, and interest thereon. He testifies positively the money was paid on that contract.

On the other hand, the defendant swears he was to refund the money paid, if he had to foreclose his mortgage, and, by foreclosing and sale of the property, he should obtain all his debt. The parties agree that the mortgage was foreclosed, and the property sold and bid in by the defendant, but not at such prices as paid the firm debt.

It was a question for the jury to determine, on the trial of the cause, whether the plaintiff or defendant on this vital point told the truth. The jury had the witnesses before them, could see their manner of testifying on the stand, and were thus able to decide which of the two was entitled to the greater degree of credibility. The jury settled that question, and found in favor of the plaintiff, and we see no reason for disturbing the verdict. The judgment will be affirmed.

*Judgment affirmed.*